United States District Court
Southern District of Texas
**ENTERED**
August 11, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JODY STEVEN BYRUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00124 |
| | | |
| NUECES COUNTY SUBTANCE ABUSE | | |
| TREATMENT FACILITY, *et al.*, | | |
| | | |
| Defendants. | | |

### MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

Plaintiff Jody Steven Byrum, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening and pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the undersigned respectfully recommends that: (1) Plaintiff's § 1983 claims against Defendant Stan Turpin related to his probation revocation be **DISMISSED with prejudice** as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*; (2) to the extent Plaintiff complains about the legality of his probation revocation, such claims be **DISMISSED without prejudice** to them being reasserted in a federal habeas corpus petition after exhausting available state remedies; and (3) Plaintiff's remaining

claims against the remaining Defendants be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous.  The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

## I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the Glossbrenner Unit in San Diego, Texas.  Plaintiff's claims in the instant lawsuit arise in connection with his stay at the Nueces County Substance Abuse Treatment Facility (SATF).

Plaintiff names the following defendants in this action: (1) the SATF; (2) Mrs. Leal, SATF Director; (3) Mrs. Soliz, SATF Supervisor; (4) Mr. Hernandez, SATF Operations Manager; (5) Vargas, SATF Probation Staff Officer; (6) Mr. Gelinas, SATF "Clennical" Supervisor; (7) Heather Dixon, SATF Counselor; (8)  Nurse McKenzie, SATF Medical; and (9) Stan Turpin, court-appointed attorney.  (D.E. 1, pp. 1, 3, 5).[2]  Plaintiff generally

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury.  *See* 28 U.S.C. § 1915(g). The three-strikes provision of § 1915(g) applies to this case even though Plaintiff was released from custody during the pendency of this action.  *See Dingler v. Southern Health Partners*, No. 3:19-cv-2737, 2019 WL 1643787, at *1 (N.D. Tex. Feb. 26, 2020).

[2] All defendants, with the exception of Defendant Turpin, will be collectively referred to as the SATF Defendants.

claims that the Defendants violated Plaintiff's Sixth, Eighth, and Fourteenth Amendment rights under the United States Constitution.   In addition to compensatory monetary damages for pain and suffering, Plaintiff seeks "full discharge on probation and credit for community service hours.  (D.E. 1, p. 4).

At the Court's request, Plaintiff filed an Amended Complaint.  (D.E. 12).  Plaintiff also filed a motion to amend complaint as well as a proposed order in which he presents additional allegations and arguments in support of his claims.  In a separate order, the undersigned has granted Plaintiff's motion to amend.

Similar to his original complaint, however, Plaintiff provides often vague and confusing allegations with regard to his claims.  As best as can be gleaned from all of Plaintiff's submissions, Plaintiff alleges the following facts.  On January 16, 2020, Plaintiff was enrolled into the SAFT.  While in intake, Plaintiff was charged $100 for clothing and other necessities.

On February 16, 2020, Plaintiff received a treatment plan from Counselor Dixon. As of April 16, 2020, Plaintiff had complied with the treatment plan and ruled by attending all classes and meetings.  Plaintiff was a "model client."  (D.E. 1, p. 6).  Due to COVID-19, Plaintiff received no privileges or outings.  As of May 16, 2020, Plaintiff remained in full compliance with the rules and guidelines of the program.  It appears that Counselor Dixon noted Plaintiff's score as 100%.

On some unknown date, Plaintiff suffered a corneal abrasion and was treated at the hospital.  As of June 16, 2020, Plaintiff was in full compliance with the treatment plan and

SATF rules.  Plaintiff was awarded with "Resident of the Month,"  which is the highest program honor.  (D.E. 1, p. 6).

On July 1, 2020, a COVID-19 outbreak occurred at the SATF.  Along with two other SATF residents, Plaintiff was locked in a quarantine for seventeen days.  Plaintiff, therefore, was forced to stay at the SATF longer than necessary.  Plaintiff further was denied reaching Level III.

On July 20, 2020, Plaintiff received a disciplinary case by Operations Manager Hernandez for wearing his mask below his nose, which extended his stay and graduation date even further.  On August 1, 2020, Plaintiff was denied Level III status after receiving two more "write ups."  (D.E. 1, p. 7).  Operations Manager Hernandez initiated a major disciplinary case against Plaintiff in retaliation.  Plaintiff was provided no legal counsel at his disciplinary hearing and was denied due process.

On September 1, 2020, a third disciplinary case was brought against Plaintiff which had no merit.  The case, however, delayed Plaintiff's graduation date in violation of his due process rights.  Plaintiff has incurred a total debt of $730 at the SATF to pay for his corneal abrasion, a staph infection, and COVID-19 masks and medications.  Plaintiff is also charged for being released on work furloughs and drug classes.

On November 1, 2020, purchased a "blowing device" as part of a probation stipulation and is obligated to pay child support in an amount that is half of his gross pay. Plaintiff is indigent and is otherwise unable to meet the stipulations of his probation or the

program.  On December 22, 2020, Plaintiff was locked into quarantine until January 4, 2021 with no change of clothes.  Plaintiff believes that the SATF's program is broken.

On January 8, 2021, Plaintiff was arrested for "MTR actions."  (D.E. 1, p. 8).  A motion to revoke his probation was conducted on January 20, 2021.  Plaintiff's court-appointed counsel provided ineffective assistance of counsel by failing to: (1) present witnesses of submit evidence for Plaintiff's defense; and (2) confront and cross-examine adverse witnesses.  Plaintiff also appears to claim that a conflict of interest existed as a member of the disciplinary board was involved in the prosecution of his probation revocation proceeding.

Plaintiff states that his probation was revoked, and he was re-sentenced to spend additional time in prison.  Plaintiff received a four-year probationary term along with 450 hours of community service.  Plaintiff also lost credit for his year at the SATF.

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune

defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

### A.  SAFT

Plaintiff sues the SATF. This program is operated by Nueces County, and is not a separate legal entity that can be sued. *See Steinocher v. Ball*, No. H-19-2205, 2019 WL 2716623, at *2(S.D. Tex. June 28, 2019). Accordingly, the undersigned respectfully recommends that Plaintiff's claims against the SATF be dismissed with prejudice as frivolous and for failure to state a claim for relief.

### B.   Probation Revocation

Plaintiff challenges his probation revocation by claiming that his counsel rendered ineffective assistance of counsel. He further claims that his sentence was unjust as it included 450 hours of community service and lost credit for his year at the SATF.

Plaintiff's claims attacking his probation revocation appear to be solely directed at Defendant Turpin, his court-appointed counsel.

Plaintiff's claims challenging his probation revocation are subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. The *Heck* rule also applies where a plaintiff seeks injunctive or declaratory relief, which, if granted, would necessarily imply that a conviction is invalid. *See Mann v. Denton County, Texas*, 364 F. App'x 881, 883 (5th Cir. 2010); *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009). Lastly, *Heck* has been extended to cover probation revocations. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995); *Thomas v. Epps*, 534 F. App'x 231, 232 (5th Cir. 2013).

Any ruling in Plaintiff's favor on his claim that the probation revocation was improper would necessarily imply the invalidity of such revocation. *Heck*, 512 U.S. at 487. Since no court has reversed or otherwise invalidated Plaintiff's probation revocation, Plaintiff's claims seeking relief from same are barred by *Heck*. *See Henderson v. Jasper Police Dept.*, No. 1:10-cv151, 2010 WL 5283281, at * (E.D. Tex. May 17, 2010) (dismissing as *Heck*-barred claims attacking the validity the prisoner's challenge to her

probation revocation).  Because Plaintiff's § 1983 claims against Defendant Turpin are barred by *Heck* as premature, it is respectfully recommended that same be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.[3]

The undersigned next considers whether Plaintiff's action should be construed as a federal habeas corpus action.  The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is through a habeas corpus petition.  *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973).  Plaintiff, however, cannot seek such relief in a federal habeas corpus petition until after he has exhausted his available state court remedies.  *See* 28 U.S.C. § 2254(b); *Alexander v. Johnson*, 163 F.3d 906, 909 (5th Cir. 1998).  Plaintiff offers no allegations to suggest that he has exhausted such remedies with respect to his probation revocation.  Accordingly, to the extent Plaintiff complains about the legality of his probation revocation, it is recommended that this claim be dismissed without prejudice to it being reasserted in a federal habeas corpus petition after exhausting available state remedies.

## C.    Disciplinary Proceedings

Liberally construed, Plaintiff claims that his constitutional rights were violated when three disciplinary cases were brought against him which let to him being punished by extending his stay at the SATF.  Plaintiff appears to assert claims related to his disciplinary cases primarily against Operations Manager Hernandez.

---

[3] The Fifth Circuit has held that *Heck*-barred claims must be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met."  *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff's claims are construed as challenging the constitutionality of his disciplinary cases. Such claims, however, are also barred by the *Heck* doctrine. The *Heck* doctrine operates to bar prisoners from seeking injunctive relief or otherwise challenging the punishment imposed by a disciplinary proceeding through a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[plaintiff's] claim for declaratory relief and money damages, based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc) (applying *Heck* to bar plaintiff's constitutional claims for injunctive relief that were fundamentally intertwined with his request for restoration of good-time credits).

Plaintiff alleges no facts to suggest that his disciplinary cases either were overturned by direct appeal or set aside in the federal habeas corpus case filed in this Court. Because Plaintiff has not successfully had his disciplinary decisions set aside, he cannot seek relief against Operations Manager Hernandez or any other defendant named in this case. Thus, it is respectfully recommended that Plaintiff's claims relating to his disciplinary cases be dismissed.

**D.    Retaliation**

Plaintiff appears to claim that Operations Manager Hernandez initiated a major disciplinary case against Plaintiff in retaliation. Retaliation is not expressly referred to in the Constitution; however, it is nonetheless actionable because retaliatory actions may tend to chill an individual's exercise of constitutional rights. *See Perry v. Sindermann*, 408 U.S.

593, 597 (1972). Retaliation is actionable "only if the retaliatory act 'is capable of deterring a person of ordinary firmness from further exercising his constitutional rights.'" *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008) (quoting *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006)).

The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising their constitutional rights. *Morris*, 449 F.3d at 686. Thus, "[a] prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct." *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995).

The Fifth Circuit has emphasized that "prisoners' claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts." *Adeleke v. Fleckenstein*, 385 F. App'x 386, 387 (5th Cir. 2010) (citing *Woods*, 60 F.3d at 1166). To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones*, 188 F.3d at 324-25 (citing *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir. 1998)).

An inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted). "Mere conclusory allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim." *Jones*, 188 F.3d at 325. The inmate must produce direct evidence of motivation or a chronology of events from which retaliation may be inferred.

*Id.*  In other words, a successful claim of retaliation requires a showing that, but for some retaliatory motive, the complained of adverse incident would not have occurred.  *Woods*, 60 F.3d at 1166.

In this case, Plaintiff offers to specific facts to indicate that Operations Manager Hernandez retaliated against him for exercising a particular constitutional right.  Plaintiff's allegations of retaliation are, at best, conclusory and merely reflect his personal belief he was the victim of retaliation by Operations Manager Hernandez.  Accordingly, it is respectfully recommended that Plaintiff's retaliation claims against Operations Manager Hernandez be dismissed as frivolous and/or for failure to state a claim for relief.

### E.    Purchase of Goods and Child Support Obligations

Plaintiff claims that his constitutional rights have been violated when he was charged for work furloughs, medical treatment, drug classes, buying clothes, other necessities, and a "blowing device" for purposes of his probation.  Plaintiff, however, fails to state an Eighth Amendment claim as his allegations do not suggest he "was deprived of the "minimal civilized measures of life's necessities" while housed at the SATF. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  Plaintiff otherwise fails to state a constitutional violation based on the SATF Defendants' conduct in charging Plaintiff for products and services.  The undersigned respectfully recommends, therefore, that Plaintiff's claims against the SATF Defendants regarding the debt incurred for his purchases be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

Plaintiff further complains that he is obligated to pay child support in an amount equal to half his gross pay.  None of the SATF Defendants, however, are responsible for obligating Plaintiff to pay court-ordered child support.  "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).  Accordingly, the undersigned respectfully recommends that this claim against the SATF Defendants be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### F.    Placement in Quarantine

Plaintiff claims that his constitutional rights were violated as follows: (1) following a COVID-19 outbreak on July 1, 2020, Plaintiff and two other SATF residents Plaintiff was locked in a quarantine for seventeen days; and (2) on December 22, 2020, he was locked into quarantine until January 4, 2021 with no change of clothes.  Plaintiff offers no allegations that he suffered a physical injury as a result of his placements in quarantine.

The PLRA, which governs this action, precludes an action for compensatory damages "for mental and emotional injury suffered while in custody without a prior showing of physical injury …." 42 U.S.C. § 1997e(e).  Plaintiff, therefore, cannot recover compensatory damages with respect to his claims against any defendant because he does not allege that he suffered the requisite physical injury arising from the misconduct.  *See Steinocher*, 2019 WL 2716623, at *2.  Because Plaintiff only seeks compensatory damages for pain and suffering against the SATF Defendants, it is respectfully recommended that his claims regarding placement in quarantine be dismissed with prejudice as frivolous.

### G.    Violations of the SATF Handbook

Throughout his original and amended complaints, Plaintiff claims that the SATF Defendants committed constitutional violations by violating the policies, procedures, and standards set forth in the SATF handbook.  (D.E. 1, p. 6-8; D.E. 9, p. 1; D.E. 12, pp. 3-4). Plaintiff's claims of constitutional violations are for the most part conclusory.

Furthermore, an official's failure to follow the facility's "own policies, procedure, or regulations does not constitute a constitutional violation."  *Sudds v. Director, TDCJ-CID*, No. 6:20cv548, 2021 WL 1277959, at *5 (E.D. Tex. Mar. 4, 2021) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) ("Our case law is clear, however, that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met.")).  As discussed above, Plaintiff has failed to state a constitutional violation with regard to the conduct of SATF Defendants.  Accordingly, the undersigned respectfully recommends that Plaintiff's claims attacking the SATF Defendants for violating the SATF handbook be dismissed with prejudice as frivolous and for failure to state a claim for relief.

## V.    RECOMMENDATION

For the reasons stated above and pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1), it is respectfully recommended that Plaintiff's § 1983 claims against Defendant Stan Turpin related to his probation revocation be **DISMISSED with prejudice** as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.  It is respectfully recommended

further that, to the extent Plaintiff complains about the legality of his probation revocation, it is recommended that such claims be **DISMISSED without prejudice** to them being reasserted in a federal habeas corpus petition after exhausting available state remedies.

It is respectfully recommended further that, pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1), Plaintiff's remaining § 1983 claims against the SATF Defendants be **DISMISSED with prejudice** as frivolous and for failure to state a claim for relief.  Lastly, because this dismissal meets the requirement of a "strike" for purposes of 28 U.S.C. § 1915(g), it is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully recommended on August 11, 2021.

Julie K. Hampton
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).